UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

JULIE MAURY                                    **1:24-cv-8850**

                                    Plaintiff,        **COMPLAINT**

              -against-                          **JURY TRIAL REQUESTED**

L. SHAFFER COMPANY LLC and 1600 THIRD
AVENUE CORP.,

                                    Defendants.
------------------------------------------------------------------x

## <u>COMPLAINT</u>

Plaintiff Julie Maury ("Plaintiff"), by her counsel, Hanski Partners LLC, as and for the Complaint in this action against Defendants L. Shaffer Company LLC and 1600 Third Avenue Corp. (collectively, "Defendants"), hereby alleges upon information and belief as follows:

## <u>NATURE OF THE CLAIMS</u>

1.  Plaintiff is an individual with a mobility disability due to a physiological condition that prevents her from walking.

2.  Unable to ambulate using her musculoskeletal system, Plaintiff uses a wheelchair for mobility.

3.  Catch N Chop is a restaurant located at 1600 Third Avenue, New York, NY ("Catch N Chop").

4.  Defendants are the owners, operators, and landlord of Catch N Chop.

5.  Catch N Chop is a place of public accommodation.

6.   As detailed more fully below, Defendants violate each of the laws that prohibit disability discrimination by public accommodations through their ownership, operation, control, and lease of, Catch N Chop.

7.   Plaintiff brings this action because Defendants deny her, on the basis of disability, full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations ("equal access") of a place of public accommodation, Catch N Chop.

8.   Defendants created architectural elements at Catch N Chop which function as barriers to wheelchair access ("architectural barriers").

9.   Defendants also maintain architectural barriers at Catch N Chop.

10. These architectural barriers - for example, a step at Catch N Chop's public entrance - deny entry to Plaintiff due to disability:



11. Other architectural barriers inside Catch N Chop deny Plaintiff the opportunity to access Catch N Chop's publicly available offerings based on disability: for

example, dining surfaces at tables and bars that are not accessible to wheelchair users; and no wheelchair accessible vertical access between Catch N Chop's publicly available levels.

12. By maintaining architectural barriers, Defendants deny Plaintiff, based on disability, the opportunity to patronize Catch N Chop - an opportunity Defendants make available to members of the public without mobility disabilities.

13. Defendants discriminate against Plaintiff based on disability – as they her equal access to Catch N Chop due to her use of a wheelchair for mobility - as opposed to her legs.

14. By denying Plaintiff equal access to Catch N Chop, Defendants unlawfully discriminate against Plaintiff in violation of Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12181 *et seq.* and its implementing regulations; the New York Human Rights Law ("State HRL"), New York Executive Law ("NY Exec Law") Article 15; the New York Civil Rights Law, § 40 *et seq.* ("NY CRL"); and the New York City Human Rights Law ("City HRL"), Administrative Code of the City of New York ("NYC Admin Code") Title 8.

15. Defendants violate the ADA, the State HRL, the NY CRL and the City HRL (collectively, the "Human Rights Laws") directly and through the actions, of their agents and employees.

16. Defendants are vicariously liable for the acts and omissions of their employees and agents for the conduct alleged herein.

3

17. Defendants chose to ignore the explicit legal requirements that obligate them to make their place of public accommodation physically accessible and usable by persons with disabilities[1].

18. By ignoring their obligation to provide an accessible place of public accommodation, Defendants reveal their indifference to Plaintiff's (and other individuals with disabilities') right to equal access to Catch N Chop, a place of public accommodation.

19. Defendants, undoubtably aware that their decision to maintain architectural barriers in violation of the Human Rights Laws would be indiscernible to most persons, presumed that they would never have to make Catch N Chop accessible and provide equal access to individuals with disabilities.

20. Plaintiff, however, acts to compel Defendants to comply with the Human Rights Laws.

21. Plaintiff seeks declaratory, injunctive, and equitable relief, as well as monetary damages and attorney's fees, costs, and expenses, to redress Defendants' unlawful disability discrimination against her in violation of the Human Rights Laws.

22. Plaintiff seeks to have Defendants make Catch N Chop physically accessible to and usable by individuals with disabilities so that Plaintiff, and other persons with

---

[1] As used in Plaintiff's Complaint the terms "accessible" and "readily accessible to and usable by" mean that the place of public accommodation complies with the design and construction standards referenced in Plaintiff's Complaint and can be approached, entered, and used by people having physical disabilities. *See* 42 U.S.C. § 12183, 28 C.F.R. § 36.406, and NYC Admin Code § 27-232; and § 28-1102.1.

mobility disabilities, have the opportunity to fully and equally enjoy Catch N Chop's

goods, services, facilities, privileges, advantages, and accommodations.

## JURISDICTION AND VENUE

23. This Court has subject matter jurisdiction over this action pursuant to 28

U.S.C. §§ 1331 and 1343 as Plaintiff's claims involve federal questions regarding the

deprivation of Plaintiff's rights under the ADA.

24. This Court also has supplemental jurisdiction over Plaintiff's State HRL, NY

CRL, and City HRL claims pursuant to 28 U.S.C. § 1367(a).

25. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because

Defendants' discriminatory acts alleged herein occurred in this district and the place of

public accommodation is located in this district.

## PARTIES

*Plaintiff*

26. Plaintiff suffers from a physiological condition that inhibits her ability to walk

and which restricts her body motion range and movement.

27. Plaintiff is therefore an individual with a disability under the Human Rights

Laws.

28. Due to her impairment, Plaintiff uses a wheelchair for mobility.

29. Plaintiff resides in the same neighborhood as Catch N Chop.

30. Plaintiff's residence is approximately 4 blocks (.2 miles) from Catch N Chop.

31. Plaintiff enjoys going out to dine at restaurants.

32. Plaintiff dines out at restaurants one or more times a month.

33. Plaintiff also enjoys trying new restaurants and cuisines.

34. Catch N Chop caught Plaintiff's attention as its name indicated that fish and meat was a focus of the restaurant.

35. Plaintiff likes the food offered on Catch N Chop's menu and therefore desired to dine at Catch N Chop.

36. Plaintiff passes by Catch N Chop multiple times a week and has wanted to dine at the restaurant.

37. Most recently, Plaintiff wanted to dine at Catch N Chop in October 2024 and November 2024.

38. Plaintiff was unable to dine at Catch N Chop as the steps at its entrance blocked her from entering  the restaurant.

39. Plaintiff's desire to patronize Catch N Chop is renewed each time she rolls by the restaurant.

40. Plaintiff's frustration that she is prevented from dining at Catch N Chop is also renewed each time she rolls by the restaurant.

41. Although Plaintiff's desire to dine at Catch N Chop continues she is prevented and deterred from doing so because the architectural barriers at Catch N Chop's premises deny her the opportunity to enter Catch N Chop.

42. Plaintiff continues to desire to dine at Catch N Chop as she likes the food it offers and is also conveniently located near her home.

43. Defendants, however, continue to bar Plaintiff from dining at Catch N Chop because it is not accessible to wheelchair users.

44. Defendants deter Plaintiff from visiting Catch N Chop due to the architectural barriers they maintain at Catch N Chop.

6

45. Plaintiff either personally observed or has been made aware of the architectural barriers at Catch N Chop detailed in Paragraph 93 herein.

46. The architectural barriers detailed in Paragraph 93 herein exclude Plaintiff, based on disability, from the equal opportunity to participate in, or benefit from, the goods, services, facilities, privileges, advantages, and accommodations that Defendants offer to the general public at Catch N Chop.

47. Plaintiff would visit Catch N Chop but for the architectural barriers that deny her equal access to Catch N Chop and the offerings therein.

*Defendants*

48.  L. Shaffer Company LLC is a Domestic Limited Liability Company formed pursuant to the New York Limited Liability Company Law.

49. L. Shaffer Company LLC engages in business in New York.

50. As an entity formed pursuant to the New York Limited Liability Company Law, L. Shaffer Company LLC is not a governmental entity.

51. L. Shaffer Company LLC owns the building located at 1600 Third Avenue in New York County, New York ("1600 Third Avenue").

52. Catch N Chop is a Domestic Business Corporation formed pursuant to the New York Business Corporation Law.

53. As an entity formed pursuant to the New York Business Corporation Law, Catch N Chop is not a governmental entity.

54. Catch N Chop engages in business in New York.

55. 1600 Third Avenue Corp. owns and operates, and at all relevant times has owned and operated Catch N Chop.

7

56. 1600 Third Avenue Corp. leases the space in which Catch N Chop is located directly from L. Shaffer Company LLC.

57. L. Shaffer Company LLC and Catch N Chop have a written agreement for the lease of the space in which Catch N Chop is located.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

58. Catch N Chop is operated by private entities as neither of the Defendants is a State or local government; a department, agency, special purpose district, or other instrumentality of a State or local government; or a commuter authority. 42 U.S.C. §§ 12131(1) and 12181(6).

59. The operations of Catch N Chop affect commerce. 28 C.F.R. § 36.104.

60. Catch N Chop, a restaurant located at 1600 Third Avenue, is a place of public accommodation pursuant to the Human Rights Laws. 42 U.S.C. § 12181 and 28 C.F.R. § 36.104; NY Exec Law § 292(9); and the NYC Admin Code § 8-102.

61. Defendants own, lease, lease to, control or operate Catch N Chop and the space in which Catch N Chop is located.

62. "Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are 'public accommodations' subject to" the Human Rights Laws. *2*8 C.F.R. § 36.201(b); *See also* 42 U.S.C. 12182(a); NY Exec Law §296(2)(a); NYC Admin Code § 8-107(4)(a).

63. L. Shaffer Company LLC, as owner of the building located at 1600 Third Avenue in which Catch N Chop is located, is an entity required to comply with the Human Rights Laws. *See Id.*

64. L. Shaffer Company LLC, [as] lessor of the space in which Catch N Chop is located is an entity required to comply with the Human Rights Laws. *See Id.*

65. Catch N Chop as owner of Catch N Chop, is an entity required to comply with the Human Rights Laws. *See Id.*

66. Catch N Chop as operator of Catch N Chop, is an entity required to comply with the Human Rights Laws. *See Id.*

67. The 1600 Third Avenue building in which Catch N Chop is sited is also a commercial facility subject to the ADA and the ADA Standards. See 42 U.S.C. § 12181(2).

68. NYC Admin Code § 19-152 and § 7-210 impose a non-delegable duty on the owners of real property to repave, reconstruct, repair, and maintain the public sidewalk that abuts their real property.

69. As L. Shaffer Company LLC is required to maintain, repave, reconstruct, and repair the public sidewalk that abuts its property, it controls, manages, and operates the public sidewalk that adjoins 1600 Third Avenue.

70. L. Shaffer Company LLC therefore controls, manages, and operates the parts of the public sidewalk that constitute Catch N Chop's public entrance.

71. Numerous architectural barriers at Catch N Chop prevent or restrict physical access to Plaintiff and other persons with disabilities.

72. The architectural barriers at Catch N Chop include barriers at the public gateway – such as a stepped entrance.

73. The gateway barriers at Catch N Chop exclude Plaintiff and other individuals with mobility disabilities from patronizing Catch N Chop. By creating and maintainuing

these gateway barriers Defendants completely deny Plaintiff, and other disabled wheelchair users, the opportunity to enter Catch N Chop.

*Alterations Were Performed to Catch N Chop's Space*

74. Defendants renovated, remodeled, and reconstructed ("Modified") the space now occupied by Catch N Chop after January 26, 1992, inclusive of construction work during the 2008 calendar year and thereafter.

75. Catch N Chop was therefore renovated, remodeled, and reconstructed after January 26, 1992.

76. The work Defendants performed when they Modified the space Catch N Chop now occupies included demolition work, construction of interior partitions, installation of fixtures, mechanical and plumbing work, and work to the storefront.

77. The Modifications performed to Catch N Chop after January 26, 1992 included changes to the space that affected, or which could have affected, the usability of the space.

78. Based on the foregoing renovation, remodeling, and reconstruction work, Catch N Chop is "altered" within the meaning of the ADA. See 28 C.F.R. 36.402(b)(1).

79. The renovated, remodeled, reconstructed spaces, areas, and elements of Catch N Chop, including its entrance, are "altered areas" within the meaning of the ADA. *See Id.*

80. The Modifications to Catch N Chop's space were done pursuant to architectural drawings that referenced design and construction standards which specify that accessibility for individuals with disabilities is required. The referenced design and construction standards included:

a. the accessibility provisions of the 1968 New York City Building Code, NYC Admin Code § 27-292.1 et seq. (the "1968 BC"), inclusive of ANSI A117.1-1986 as modified by 1968 BC Reference Standard RS 4-6 (the "1968 Ref Std", and together with the 1968 BC, the "1968 NYC Standards");

and

b. the 1991 ADA Standards for Accessible Design codified in 28 CFR part 36 Appendix A; (hereinafter referred to as the "1991 ADA Standards").

81. The 1991 ADA Standards and the 1986 NYC Standards were not complied with when the Catch N Chop space was renovated, remodeled and reconstructed.

82. At all times since the 2008 calendar year when the Catch N Chop space was renovated, Defendants had knowledge of, and specific notice regarding their obligation to comply with the Accessibility Standards. (As used in this Complaint, "Accessibility Standards" means the design and construction standards applicable to places of public accommodations, including the 1991 ADA Standards, the 2010 ADA Standards[2] (together the "ADA Standards"), the 1968 NYC Standards, the 2008 NYC Standards[3], the 2014 NYC Standards[4], and the 2022 NYC Standards[5] (together the "NYC Standards")).

---

[2] The "2010 ADA Standards" means the 2010 ADA Standards for Accessible Design codified in 36 CFR part 1191 Appendices B and D, and 28 CFR part 36 Appendix A, subpart D.

[3] The "2008 NYC Standards" means the accessibility provisions of the 2008 New York City Building Code, NYC Admin Code § 28-1101 et seq. and Appendix E (the "2008 BC"), inclusive of ICC A117.1-2003 (the "2008 Ref Std").

[4] The "2014 NYC Standards" means the accessibility provisions of the 2014 New York City Building Code, NYC Admin Code § 28-1101 et seq. and Appendix E (the "2014 BC"), inclusive of and ICC A117.1-2009 (the "2014 Ref. Std").

[5] The "2022 NYC Standards" means the accessibility provisions of the 2022 New York City Building Code, NYC Admin Code § 28-1101 et seq. and Appendix E (the "2022 BC"), inclusive of and ICC A117.1-2009 (the "2022 Ref. Std").

83. Defendants therefore knowingly failed to comply with the Accessibility Standards when they Modified Catch N Chop's premises and the parts of 1600 Third Avenue related to Catch N Chop's space.

84. Defendants also acted with deliberate indifference to the equal access rights of persons with disabilities due to their failure to comply with the Accessibility Standards.

*Defendants Failed to Follow the Accessibility Requirements Detailed in their Lease.*

85. The lease agreement between the Defendants for Catch N Chop's space provides that the premises must comply with the Human Rights Laws.

86. The lease agreement between the Defendants for Catch N Chop's premises provides that the space must comply with the Accessibility Standards.

87. L. Shaffer Company LLC is aware of its obligation to provide an accessible place of public accommodation.

88. As L. Shaffer Company LLC is aware of its obligation to provide an accessible place of public accommodation, it knowingly and with deliberate indifference fails to comply with the Accessibility Standards.

89. Catch N Chop is aware of its obligation to provide an accessible place of public accommodation.

90. As Catch N Chop is aware of its obligation to provide an accessible place of public accommodation, it knowingly and with deliberate indifference fails to comply with the Accessibility Standards.

91. As a result of Defendants' failure to comply with the Accessibility Standards, the services, features, elements, and spaces of Catch N Chop are not accessible to

Plaintiff as required by the Human Rights Laws. *See* 42 U.S.C. § § 12182(a), § 12183(a), and § 12186(b); NY Exec Law § 296(2)(a); and NYC Admin Code § 8-107(4).

92. Because Defendants fail to comply with the Accessibility Standards Plaintiff was, and remains, unable to enjoy safe and equal access to Catch N Chop a place that is open and available to the public.

93. Architectural barriers which Plaintiff encountered and those that deter her from patronizing Catch N Chop include, but are not limited to, the following:

**No Wheelchair Accessible Public Entrances or Exits**

I. No accessible route from the public street and sidewalk to the Catch N Chop entrance.
*Defendants fail to provide that at least one accessible route shall be provided within the site from public streets and sidewalks to the accessible building or facility entrance they serve. See 1991 ADA Standards § 4.1.2(1); 2010 ADA Standards § 206.2.1; 1968 BC§ 27-292.5(b); 2008 BC § 1104.1; and 2014 BC § 1104.1.*

II. No accessible public entrance to Catch N Chop.
*Defendants fail to provide that at least 50% of all its public entrances are accessible. See 1991 ADA Standards § 4.1.3(8)(a)(i).*
*Defendants fail to provide that at least 60% of all its public entrances are accessible. See 2010 ADA Standards § 206.4.1.*
*Defendants fail to provide that primary entrances are accessible. See 1968 BC § 27-292.5(a).*
*Defendants fail to provide that all of its public entrances are accessible. See 2008 BC § 1105.1; and 2014 BC § 1105.1.*

III. No signage identifies an accessible entrance (to the extent Defendants claim they provide an accessible public entrance).
*Defendants fail to display signage (marked with the International Symbol of Accessibility or otherwise) that identifies an accessible entrance. See 1991 ADA Standards §§ 4.1.2(7)(c); 4.1.3(8)(d); and 4.1.6(1)(h); 2010 ADA Standards § 216.6; 1968 BC § 27- 292.18; 2008 BC § 1110; and 2014 BC §§ 1101.3.4; and 1110.*

IV. No directional signage at the inaccessible entrance that indicates the location of an accessible entrance (to the extent Defendants claim they provide an accessible entrance).

*Defendants do not provide and display signage at the inaccessible public
entrance (marked with the International Symbol of Accessibility or otherwise)
that indicates the location of an accessible entrance. See 1991 ADA Standards
§§ 4.1.6(1)(h) and 4.1.3(8)(d); and 2010 ADA Standards § 216.6.
Defendants fail to provide directional signage at necessary locations. See
1968 BC § 27-292.18(b).
Defendants fails to provide directional signage by the inaccessible entrance
indicating the route to the nearest accessible entrance. See 2008 BC § 1110.2;
and 2014 BC §§ 1101.3.3; and 1110.2.*

V.   No level maneuvering clearances at the exterior side of the door to Catch N
     Chop's public entrance door due to a step.
     *Defendants fail to provide an accessible door with level maneuvering
     clearances. See 1991 ADA Standards § 4.13.6; 2010 ADA Standards §
     404.2.4; 1968 Ref Std § 4.13.6; 2008 Ref. Std § 404.2.3; and 2014 Ref Std §
     404.2.3.*

VI.  A change in level at the public entrance door.
     *Defendants fail to provide that changes in level at accessible routes greater
     than 1/2-inch-high shall be overcome with a ramp, elevator, or platform lift.
     See 1991 ADA Standards § 4.3.8; and 1968 Ref Std § 4.3.8.
     Defendants fail to provide that changes in level at accessible routes greater
     than 1/2-inch-high shall be ramped. See 2010 ADA Standards § 303.4; 2008
     Ref Std § 303.3; and 2014 Ref Std § 303.4.*

VII.    There is no room for a turning space between the two doors in a series at the
        public entrance vestibule.
        *At two doors in a series (or a vestibule), Defendants fail to provide a level
        turning space between the two doors. See 2008 Ref Std § 404.2.5; and 2014
        Ref Std § 404.2.5.*

VIII.   There are less than 48 inches between the two doors in a series at the
        public entrance vestibule.
        *At two doors in a series (or a vestibule), Defendants fail to provide a level
        floor area that is 48 inches between the two doors plus the width of doors
        swinging into the space. See 1991 ADA Standards § 4.13.7; 2010 ADA Stands
        § 404.2.6; 1968 Ref Std § 4.13.7; 2008 Ref Std § 404.2.5; and 2014 Ref Std §
        404.2.5.*

IX.  No Maneuvering clearances for pulling open the interior entrance door are
     provided.
     *Defendants fail to provide that floor or ground surface within required
     maneuvering clearances at doors shall have slopes not steeper than 1:48
     (2.0%) and changes in level are not permitted. 60 inches perpendicular to the
     door for 18 inches parallel to the door beyond the latch is required for a*

*forward approach to the pull side of a door, or 54 inches perpendicular to the door for 24 inches parallel to the door beyond the latch is required for a latch approach to the pull side of a door. See 1991 ADA Standards § 4.13.6; 2010 ADA Stands § 404.2.4; 1968 Ref Std § 4.13.6; 2008 Ref Std § 404.2.3; and 2014 Ref Std § 404.2.3.*

X. No accessible exit, as the entrance door is also an exit and not accessible as described above.
*Defendants fail to provide accessible means of egress in the number required by the code. See 2014 BC § 1007.1; 2008 BC § 1007.1 and 1968 BC § 27-292.1.  See also 2010 ADA Standards § 207.1; and 1991 ADA Standards § 4.1.3(9).*

## No Wheelchair Accessible Counters and Dining Surfaces

XI. The service counters within Catch N Chop are not accessible.
*Defendants fail to provide that, where provided, at least one of each type of sales counter and service counter is accessible.  See 1991 ADA Standards § 7.2; 2010 ADA Standards § 227.3;1968 BC § 27-292.1; 2008 BC § 1109.12.3; 2014 BC § 1109.11.3 and 2022 BC § 1109.11.3.*
.

XII.    No accessible dining surfaces (spaces for wheelchair users to drink and dine at tables and counter) are provided at Catch N Chop.
*Defendants fail to provide that at least 5% of the dining surfaces provided to customers are accessible.*
*See 1991 ADA Standards § 5.1; 2010 ADA Standards § 226.1;1968 Bldg Code § 27-292.10(a)(3); 2008 BC § 1109.11; 2014 BC § 1109.10; and 2022 BC § 1109.10.*

XIII.    Accessible dining surfaces are not dispersed throughout Catch N Chop's space (to the extent Defendants assert they provide accessible dining surfaces).
*Defendants fail to provide that accessible dining surfaces shall be dispersed throughout the space or facility containing dining surfaces. See 2008 BC § 1109.11.1; 2014 BC § 1109.10.1; and 2022 BC § 1109.10.1. See also 1991 ADA Standards § 5.1 and 2010 ADA Standards § 226.2.*

## No Wheelchair Accessible Route to All Publicly Available Spaces

XIV.    No accessible route is provided between Catch N Chop's public levels.
*Defendants fail to provide at least one accessible route which connects the public entrance to the publicly available interior spaces and elements the publicly available spaces. See 1991 ADA Standards §§ 4.1.3(1) and 4.1.3(5); 2010 ADA Standards § 206.2.2; 1968 BC § 27-292.5(c) and § 27-*

> *292.10; 2008 BC §§ 1104.2 and 1104.3; 2014 BC §§ and 1104.2 and 1104.3; and 2022 BC §§ 1104.2 and 1104.3.*

XV. No accessible route is provided between Catch N Chop's public levels. *Defendants fail to provide at least one accessible route which connects each level in multi-story buildings and facilities. 1991 ADA Standards §§ 4.1.3(1), 4.1.3(5), 4.1.6(1)(a) and 4.1.6.1(b); 2010 ADA Standards §§ 206.2.3; 1968 BC §§ 27-292.5 and § 27-292.10; 2008 BC § 1104.4;  2014 BC § 1104.4; and 2022 BC § 1104.4.*

94. A full inspection of Catch N Chop will reveal the existence of other architectural barriers to access. To properly remedy Defendants' discriminatory violations and avoid piecemeal litigation, Plaintiff requires a full inspection of Catch N Chop so that she may catalogue other architectural barriers and have Defendants remediate Catch N Chop so that it is accessible to her.

95. Plaintiff therefore gives notice that, to the extent not contained in this Complaint, she intends to amend her Complaint to include any violations of the Accessibility Standards or Human Rights Laws discovered during an inspection of Catch N Chop.

96. Defendants deny Plaintiff the opportunity to participate in or benefit from their services and accommodations because of disability.

97. Defendants provide Plaintiff and similarly situated disabled persons with lesser opportunity to enjoy the facilities, goods, services, offerings, and accommodations of Catch N Chop, than the opportunity Defendants provide to non-mobility impaired customers.

98. Defendants provide non-mobility impaired persons with the physical access Defendants are legally obligated to provide under the NYC Admin Code and the NY Exec Law.

16

99. In stark contrast, Defendants fail to provide Plaintiff and other mobility impaired persons with the physical access Defendants are legally obligated to provide under the NYC Admin Code and the NY Exec Law.

100.    Defendants' discriminatory policy is clear: Inclusion for non-mobility impaired persons; Exclusion for mobility-impaired persons.

101.    Defendants discriminate against Plaintiff, as based on disability, they treat her, and other individuals with mobility disabilities, worse than non-mobility impaired persons.

102.    Defendants continue to discriminate against Plaintiff and other mobility impaired customers by limiting and reducing the options available to disabled patrons as compared to the options available to nondisabled customers.

103.    Defendants have not satisfied their statutory obligation to ensure that their policies, practices, procedures comply with the Human Rights Laws.

104.    Defendants have not provided accommodations or modifications so that Plaintiff and other persons with disabilities can have equal opportunity with respect to Catch N Chop.

105.    Plaintiff has a realistic, credible, and continuing threat of discrimination from the Defendants' non-compliance with the Human Rights Laws. This threat is particularly evidenced by the existence of barriers to access at Catch N Chop that deter and deny Plaintiff access based on disability.

106.    While Plaintiff desires to visit Catch N Chop she is frustrated because Defendants deny her the opportunity to do so based on disability due to the architectural barriers at Catch N Chop.

107.    Plaintiff continues to be deterred from visiting Catch N Chop due to the barriers to access Defendants maintain at Catch N Chop's premises.

108.    Although Plaintiff desires and intends to visit Catch N Chop she need not engage in a futile exercise – attempting to enter Catch N Chop although the architectural barriers at the premises deny her entry and equal access to the offerings therein based on disability.

109.    Plaintiff desires that Defendants remove the architectural barriers at Catch N Chop so she can have equal access to it and avail herself of the offerings therein.

### FIRST CAUSE OF ACTION
### (Violations of the Americans with Disabilities Act)

110.    Plaintiff re-alleges and incorporates herein all prior allegations set forth in this Complaint.

111.    Plaintiff is substantially limited in the life activity of both walking and body motion range and thus has a disability within the meaning of the ADA. 42 U.S.C. § 12102; 28 C.F.R. § 36.105(a) and (b).

112.    As a direct and proximate result of Plaintiff's disability, Plaintiff requires a wheelchair for mobility and has restricted use of her arms and hands.

113.    "Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are 'public accommodations' subject to" the ADA. 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201(b).

114.    The ADA imposes joint and several liability on each of the owner of a building in which a place of public accommodation is located, the lessor of space in a

building to a place of public accommodation, the lessee of space in a building for a place

of public accommodation, and the owner or operator of the place of public

accommodation. *See* 28 C.F.R. § 36.201(b).

115.    Therefore, pursuant to the ADA, each of the building owner, lessor, lessee,

owner, and operator of Catch N Chop, a place of public accommodation is liable to

Plaintiff. *See Id.*

116.    None of the Defendants can avoid liability under the ADA by transferring

their obligations to comply with the ADA to another entity. 28 C.F.R. 36.201(b).

117.    Defendants continue to subject Plaintiff to disparate treatment by denying

Plaintiff full and equal opportunity to access Catch N Chop on the basis of disability.

118.    Defendants' policies and practices continue to subject Plaintiff to disparate

treatment and disparate impact.

119.    By failing to comply with the law in effect for decades, Defendants have

articulated to disabled persons such as the Plaintiff that they are neither desired nor

welcome as patrons of Catch N Chop.

120.    Defendants performed design and construction work to build out Catch N

Chop but failed to perform the work so that their place of public accommodation, Catch

N Chop, complies with the 1991 ADA Standards or the 2010 ADA Standards.

121.    Because Catch N Chop does not comply with the ADA Standards it is not

readily accessible to and usable by Plaintiff due to her mobility disability. *See* 28 C.F.R.

§ 36.401(A)(1) and 42 U.S.C. § 12183(a)(1).

122.    Defendants discriminate against Plaintiff in violation of the ADA as they built a place of public accommodation that is not accessible to Plaintiff based on disability. *See* 28 C.F.R. § 36.401(A)(1) and 42 U.S.C. § 12183(a)(1).

123.    Defendants fail to provide an integrated and equal setting for the disabled at the Catch N Chop premises in violation of 42 U.S.C. §12182(b)(1)(A) and 28 C.F.R. § 36.203.

124.    In violation of 28 C.F.R. §§ 36.402 and 36.406 and 42 U.S.C. §12183(a)(2), Defendants failed to make Catch N Chop compliant with the ADA Standards to the maximum extent feasible when they performed work that constituted alterations to Catch N Chop's space.

125.    Defendants failed to provide "readily accessible and usable" paths of travel to the altered primary function areas of Catch N Chop in violation of 28 C.F.R. § 36.403.

126.    Defendants failed to make all readily achievable accommodations and modifications to remove barriers to access at Catch N Chop in violation of 28 C.F.R. § 36.304.

127.    It has been and remains readily achievable for Defendants to make Catch N Chop accessible by complying with the ADA Standards.

128.    By failing to remove the barriers to access where it is readily achievable to do so, Defendants have discriminated against Plaintiff on the basis of disability in violation of 42 U.S.C. § 12182(a), § 12182(b)(2)(A)(iv), and 28 C.F.R. § 36.304.

129.    In the alternative, Defendants have violated the ADA by failing to provide Plaintiff with reasonable alternatives to barrier removal to the extent Defendants allege

20

that the removal of any of the barriers to access was, and remains, not readily achievable. 28 C.F.R. § 36.305.

130.    Defendants' failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12181 et. seq., and 28 C.F.R § 36.101 et. seq.

131.    Defendants continue to discriminate against Plaintiff in violation of the ADA by maintaining a place of public accommodation, Catch N Chop, that is not compliant with the ADA Standards, and therefore not accessible.

**SECOND CAUSE OF ACTION**
**(Violations of The New York State Human Rights Law)**

132.    Plaintiff re-alleges and incorporates herein all prior allegations set forth in this Complaint.

133.    Plaintiff suffers from medical conditions that separately and together prevent the exercise of normal bodily functions in Plaintiff; in particular, the life activities of both walking and body motion range.

134.    As a result of her impaired bodily functions, Plaintiff suffers from a disability within the meaning of the NY Exec Law § 292(21).

135.    The State HRL guarantees the right of all individuals to equal opportunity with respect to places of public accommodations, regardless of disability. NY Exec Law §§ 290 and 291.

**Section § 296(2) Violations: Denial of Equality of Opportunity.**

136.    To protect the guaranteed right of persons with disabilities to equal access, the State HRL provides that it is an unlawful discriminatory practice for owners, lessees,

and operators of places of public accommodation "directly or indirectly to refuse, withhold from or deny any of the accommodations, advantages, facilities or privileges" of their place of public accommodation to a person because of disability. NY Exec Law § 296(2)(a).

137.    Defendants engage in an unlawful discriminatory practice in violation of the State HRL as they directly or indirectly deny Plaintiff "equal opportunity" (i.e., equal access) to enjoy the offerings of their place of public accommodation. NY Exec Law 296(2)(a).

138.    Defendants engage in an unlawful discriminatory practice prohibited by the State HRL as they created and maintain a place of public accommodation, Catch N Chop, that is not accessible to Plaintiff due to disability. NY Exec Law § 296(2)(a).

139.    Defendants continue to discriminate against Plaintiff in violation of the State HRL by maintaining and/or creating an inaccessible place of public accommodation. NY Exec Law § 296(2).

140.    Defendants have subjected Plaintiff to disparate treatment by denying Plaintiff equal access to Catch N Chop, their place of public accommodation, because Plaintiff is disabled.

141.    Defendants continue to subject Plaintiff to disparate treatment by denying Plaintiff equal access to Catch N Chop because Plaintiff is disabled.

**Section § 296(2)(c) Violations: Failure to Make Readily Achievable Accommodations and Modifications.**

22

142.    Defendants have failed to make all readily achievable accommodations and modifications to remove barriers to access at Catch N Chop in violation of the State HRL. NY Exec Law § 296(2)(c)(iii).

143.    It remains readily achievable for Defendants to remove the barriers to access at Catch N Chop.

144.    Defendants cannot demonstrate that the removal of the barriers to access at Catch N Chop is not readily achievable. NY Exec Law § 296(2)(c)(iii) and (v).

145.    Alternatively, should Defendants demonstrate that it is not readily achievable the remove any barriers to access at Catch N Chop, Defendants discriminate in violation of the State HRL as they fail to provide Plaintiff and other persons with disabilities, equal opportunity to enjoy the privileges, advantages, and accommodations they offer at Catch N Chop through alternative methods. NY Exec Law § 296(2)(c)(v).

146.    It would be readily achievable to make Catch N Chop accessible through alternative methods.

147.    Defendants have failed to make reasonable modifications to their policies, practices, and procedures necessary to provide Plaintiff with access to Catch N Chop, and the privileges, advantages, or accommodations they offer therein in violation of the State HRL. NY Exec Law § 296(2)(c)(i).

148.    Defendants cannot demonstrate that modifying their policies, practices and procedures would fundamentally alter the nature of Catch N Chop or the privileges, advantages, or accommodations they offer.

149.    In the alternative, Defendants have failed to provide Plaintiff with reasonable alternatives to barrier removal in violation of the State HRL. NY Exec Law § 296(2)(c)(v).

150.    It is and would have been readily achievable for Defendants to make Catch N Chop accessible to persons with disabilities.

151.    It does not and would not have imposed an undue hardship or undue burden on Defendants to have made Catch N Chop accessible for persons with disabilities.

### Section 296(6) Violations: Aid and Abet Discrimination.

152.    Under the State HRL it is "an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so". NY Exec Law § 296(6).

153.    Each of the Defendants have aided, abetted, incited, compelled, or coerced others to engage in unlawful discriminatory practices.

### Section 300: The State HRL's Liberal Construction Requirement.

154.    In 2019, the New York State legislature amended the Executive Law to provide increased protections for classes protected by the State HRL. NY Exec Law § 300, as amended by Chapter 160 of the Laws of 2019, § 6.

155.    The 2019 amendment added language at the start of the State HRL's Construction section (NY Exec Law § 300) to explain that the law must be:

> construed liberally for the accomplishment of the remedial purposes thereof, regardless of whether federal civil rights laws, including those laws with provisions worded comparably to the provisions of this article, have been so construed. *Id.*

156.    With the 2019 amendment, the State HRL is no longer coextensive with federal anti-discrimination law.

157.    Defendants' conduct is therefore subject to a significantly stricter standard under the State HRL than under Federal anti-discrimination laws, including the ADA.

158.    The State HRL's stricter standards include those situations where the ADA has provisions that are comparably worded to the State HRL's provisions. *Id.*

159.    Defendants must therefore provide an accessible place of public accommodation in instances where the ADA does not require Defendants to provide accessibility.

160.    As a direct and proximate result of Defendants' unlawful discrimination in violation of State HRL, Plaintiff has suffered, and continues to suffer emotional distress, including humiliation, embarrassment, stress, and anxiety.

161.    Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### (Violations of the New York City Human Rights Law)

162.    Plaintiff re-alleges and incorporates herein all prior allegations set forth in this Complaint.

163.    Plaintiff suffers from medical conditions that separately and together, impair Plaintiff's bodily systems - in particular, the life activity of both walking and body motion range.

164.    Due to her impaired bodily functions, Plaintiff has a disability within the meaning of the City HRL. NYC Admin Code § 8-102.

**Section 8-107(4)(a)(1)(a) Violations: Denial of Equal Opportunity.**

165.    The City HRL guarantees the right of all individuals, regardless of disability, to equal opportunity (i.e., equal access) to places of public accommodations.

166.    "Equal access, in the words of the City HRL, is the opportunity to have "full and equal enjoyment, on equal terms and conditions" to the accommodations, advantages, services, facilities, and privileges of a place of public accommodation. NYC Admin Code § 8-107(4).

167.    Defendants engage in an unlawful discriminatory practice prohibited by the City HRL as they created and maintain a place of public accommodation, Catch N Chop, which is not accessible to Plaintiff due to disability. NYC Admin Code § 8-107(4)(a)(1)(a).

168.    Defendants are also liable for the conduct of their employees and agents which resulted in the creation and maintenance of a place of public accommodation which is not accessible. NYC Admin Code § 8-107(13).

169.    Because Defendants created and maintain a place of public accommodation that is not accessible to Plaintiff due to disability, Defendants directly and indirectly "refuse, withhold from, or deny" Plaintiff equal opportunity to enjoy the "accommodations, advantages, services, facilities or privileges" of Catch N Chop due to her disability.

170.    Defendants' policies and procedures inclusive of their policies of refusing to expend funds to design, create and maintain an accessible place of public accommodation is a discriminatory practice in violation of City HRL. NYC Admin Code § 8-107 (4).

171.    Defendants' failure to construct and maintain an accessible entrance from the public sidewalk to Catch N Chop constitutes disability discrimination in a violation of the City HRL. NYC Admin Code § 8-107(4)(a)(1)(a); *See also* NYC Admin Code § 19-152 and § 7-210.

172.    Defendants' failure to provide an accessible place of public accommodation and consequent denial of equal opportunity to Plaintiff constitutes an ongoing continuous pattern and practice of disability discrimination. in violation of the City HRL. NYC Admin Code § 8-107(4)(a)(1)(a).

173.    Defendants discriminate against Plaintiff as they subject her to disparate impact in violation of the City HRL. NYC Admin Code § 8-107(4).

174.    Defendants subject Plaintiff to disparate impact as they directly and indirectly deny Plaintiff equal opportunity to enjoy the accommodations, advantages, facilities, and privileges of Catch N Chop because of her disability.

175.    Defendants' policies or practices, "whether neutral on their face and [or] neutral in intent"6 result in a disparate impact to the detriment of the individuals with mobility disabilities, the protected class of which Plaintiff is a member. *See* NYC Admin Code § 8-107(17).

176.    Defendants' failure to comply with the NYC Building Code as well as their failure to expend monies to upgrade and alter Catch N Chop to remove obsolete features such as stepped entrances, are policies and practices that have a significantly

---

[66] *Levin v Yeshiva Univ.*, 96 NY2d 484, 489(2001).

adverse and disproportionate impact on persons with mobility disabilities, including Plaintiff.

177.    Because the result of Defendants' policies and practices is a place of public accommodation that is not accessible to people with mobility disabilities, Plaintiff has demonstrated that Defendants' policy or practice has a disproportionately negative impact on the disabled including Plaintiff.

**Section 8-107(15) Violations: Failure to Provide Reasonable Accommodations.**

178.    Defendants also discriminate against Plaintiff in violation of the City HRL as they have not made reasonable accommodations for the needs of persons with disabilities. NYC Admin Code § 8-107(15)(a).

179.    Defendants' failure to make reasonable accommodations include their failure to remove the architectural barriers to access detailed in Paragraph 93 herein so that individuals with disabilities, including Plaintiff, have equal opportunity to enjoy what Defendants offer at Catch N Chop. *See Id.*

180.    Defendants have known, or should have known, that members of the public, which includes current and prospective patrons such as Plaintiff, have mobility disabilities.

181.    Defendants have known, or should have known, reasonable accommodations (including by failing to remove the architectural barriers to access detailed in Paragraph 93 herein) are required so that persons with mobility disabilities can have the equal opportunity to enjoy what Defendants offer at Catch N Chop.

182.     It would not cause undue hardship in the conduct of the Defendants'
business to remove the architectural barriers to access detailed in Paragraph 93 herein as
a reasonable accommodation for persons with disabilities.

183.     Defendant cannot demonstrate that it would cause undue hardship to the
conduct of their respective businesses to remove the architectural barriers to access
detailed in Paragraph 93 herein as a reasonable accommodation for persons with
disabilities.

184.     Defendants' failure to provide reasonable accommodations for persons
with disability, inclusive of Defendants' failure to remove the barriers to access identified
in Paragraph 93 herein, and their consequent denial of equal opportunity to Plaintiff,
constitutes an ongoing continuous pattern and practice of disability discrimination in
violation of the City HRL. NYC Admin Code § 8-107(4)(a)(1)(a).

**Section 8-130: The City HRL's Construction and Maximally Protective Role.**

185.     To further the City HRL's "uniquely broad remedial purposes" (Local
Law No. 85 (2005) of City of New York § 7) and to ensure that it the law is "maximally
protective of civil rights in all circumstances" (Local Law No. 35 (2016) of City of New
York § 1), the New York City Council amended the City HRL's Construction provision,
NYC Admin Code § 8-130, in 2005 and 2016. Local Law 85 (2005), and Local Law 35
(2016).

186.     The 2005 and 2016 amendments confirm that the City HRL is not
coextensive with federal or state civil rights laws "regardless of whether federal or New
York State civil and human rights laws, including those laws with provisions comparably

worded to provisions of this title, [the City HRL,] have been so construed". NYC Admin Code § 8-130(a), as amended by Local Law 85§ 7 and Local Law 35 § 2.

187.    The 2005 and 2016 amendments instead provide that the City HRL's protections are cumulative to the protections provided by federal or state civil rights laws, as the City HRL must "be interpreted liberally and independently of similar federal and state provisions" to accomplish the City HRL's uniquely broad and remedial purposes "as one of the most expansive and comprehensive human rights laws in the nation". Rep of Governmental Affairs Div, Comm on Civ Rights at 6 and 8, March 8, 2016, Local Law Bill Jacket, Local Law No. 35 (2016) of City of NY (Adding to Local Law 85 § 1's already explicit language which provided that the obligations imposed on entities subject to the City HRL by "similarly worded provisions of federal and state civil rights laws [are] as a floor below which the City's Human Rights law cannot fall.").

188.    The 2016 Amendments to the City Human Rights Law additionally direct that "[e]xceptions to and exemptions from the provisions of this title [(the City HRL)] shall be construed narrowly in order to maximize deterrence of discriminatory conduct". NYC Admin Code § 8-130(b), as amended by Local Law 35 (2016) § 2.

189.    Due to the above-referenced amendments, the New York City Human Rights Law provides significantly greater protections to its protected classes "in all circumstances" than what the ADA and State HRL provide to persons in the same protected classes.

190.    Defendants' conduct is therefore subject to a markedly stricter standard under the City HRL than under Federal and state anti-discrimination law.

191.    Defendants' liability under the City HRL for their conduct alleged herein must be determined separately and independently from their liability under the ADA or State HRL, to the extent that Defendants escape liability under the ADA or State HRL. NYC Admin Code § 8-130, as amended by Local Law 85 and Local Law 35.

192.    Conversely to the extent that Defendants' conduct alleged herein violates the ADA or State HRL, Defendants automatically violate the City HRL.

193.    Therefore, Defendants' violations of the ADA, the ADA Standards, and the State HRL alleged herein constitute discrimination under the City HRL.

194.    Defendants continue to discriminate based on disability in violation of the City HRL (NYC Admin Code § 8-107(4)) due to their ongoing violations of the ADA, the ADA Standards, and the State HRL alleged herein.

195.    The City HRL's stricter standards also apply in situations where the ADA and the State HRL have provisions that are comparably worded to the City HRL's provisions. NYC Admin Code § 8-130.

196.    Defendants must therefore provide an accessible place of public accommodation, regardless of their obligation to provide accessibility under similarly worded provisions of the ADA or the State HRL.

**Section 8-107(6) Violations: Aid and Abet Discrimination.**

197.    In violation of the City HRL, Defendants have and continue to, aid and abet, incite, compel, or coerce each other in each of the other Defendants' attempts to, and in their acts of directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their place of public accommodation, all because of disability. NYC Admin Code § 8-107(6).

198.    Each of the Defendants have aided and abetted others in committing disability discrimination.

199.    Defendants' conduct constitutes an ongoing and continuous violation of the City HRL.

200.    Unless Defendants are enjoined from further violations, Plaintiff will continue to suffer injuries for which there is no adequate remedy at law.

201.    In particular, Plaintiff will suffer irreparable harm by being denied the accommodations, advantages, facilities, or privileges of the Defendants' place of public accommodation.

202.    As a direct and proximate result of Defendants' unlawful discrimination in violation of the City HRL, Plaintiff has suffered, and continues to suffer emotional distress, including humiliation, stress, and embarrassment.

203.    Defendants' long-standing refusal to make their place of public accommodation fully accessible was deliberate, calculated, egregious, and undertaken with reckless disregard to Plaintiff's rights under the City HRL.

204.    By failing to comply with the law in effect for decades, Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

205.    Defendants engaged in discrimination with willful or wanton negligence, and/or recklessness, and/or a conscious disregard of the rights of others and/or conduct so reckless as to amount to such disregard for which Plaintiff is entitled to an award of punitive damages pursuant to City HRL NYC Admin Code § 8-502.

206.    By refusing to make their place of public accommodation accessible, Defendants have unlawfully profited from their discriminatory conduct by diverting monies Defendants should have expended to provide an accessible space to themselves.

207.    By refusing to make their place of public accommodation accessible, Defendants have unlawfully profited from their discriminatory conduct by collecting revenue from a non-compliant space and pocketing the money that they should have lawfully expended to pay for a fully compliant and accessible space.

208.    The amounts Defendants diverted to themselves, and the unlawful revenues they gained, plus interest must be disgorged.

209.    Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
**(Violations of the New York State Civil Rights Law)**

210.    Plaintiff re-alleges and incorporates herein all prior allegations set forth in this Complaint.

211.    Defendants continue to discriminate against Plaintiff in violation of the State HRL. NY Exec Law § 290 et seq.

212.    Consequently, Plaintiff is entitled to recover the monetary penalty prescribed by NY CRL §§ 40-c and 40-d for each and every violation.

213.    Notice of this action has been served upon the Attorney General as required by NY CRL § 40-d.

### <u>INJUNCTIVE RELIEF</u>

214.    Plaintiff will continue to experience unlawful discrimination as a result of Defendants' failure to comply with the above-mentioned laws. Therefore, injunctive relief Ordering Defendants to alter and modify their place of public accommodation to comply with the Accessibility Standards and the Human Rights Laws, is necessary.

215.    Injunctive relief is necessary to make Defendants' place of public accommodation readily accessible to and usable by Plaintiff in accordance with the above-mentioned laws.

216.    Injunctive relief is also necessary to order Defendants to provide auxiliary aids or services, modification of their policies, and/or provision of alternative methods, in accordance with the ADA, State HRL, and the City HRL.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court enter a judgment against the Defendants, jointly and severally, in favor of Plaintiff that contains the following relief:

A.  Enter declaratory judgment declaring that Defendants have violated the ADA and its implementing regulations, the State HRL, and the City HRL, and declaring the rights of Plaintiff as to Defendants' place of public accommodation, and Defendants' policies, practices, and procedures;

B.  Issue a permanent injunction ordering Defendants to close Catch N Chop at 1600 Third Avenue for on-premises dining until Defendants remove all violations of

the ADA, the Accessibility Standards, the State HRL and the City HRL, including but not limited to the violations set forth above;

      C.   Retain jurisdiction over the Defendants until the Court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

      D.   Award Plaintiff compensatory damages as a result of Defendants' violations of the State HRL and the City HRL;

      E.   Award Plaintiff punitive damages in order to punish and deter the Defendants for their violations of the City HRL;

      F.   Award Plaintiff the monetary penalties for each and every violation of the law, per defendant, pursuant to NY CRL §§ 40-c and 40-d;

      G.   Find that Plaintiff is a prevailing party and award reasonable attorney's fees, costs, and expenses pursuant to the ADA, the State HRL, and City HRL; and

      H.   For such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

      Dated: November 20, 2024
      New York, New York

                  Respectfully submitted,

                  HANSKI PARTNERS LLC
                  By:/s Adam S. Hanski
                  Adam S. Hanski
                  Attorneys for Plaintiff
                  85 Delancey Street
                  New York, New York 10002
                  Telephone: (212) 248-7400
                  Email:ash@disabilityrightsny.com